Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Sam Strauss (to be admitted *Pro Hac Vice*)
sam@turkestrauss.com
Raina Borrelli (to be admitted *Pro Hac Vice*)
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiff and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUG SPINDLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAMLESS CONTACTS INC.,<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF CAL. CIV. CODE § 3344; CALIFORNIA MISAPPROPRIATION OF NAME OR LIKENESS; AND CALIFORNIA UCL.<br><br>CLASS ACTION<br>**JURY TRIAL DEMANDED** |

## NATURE OF ACTION

1. Plaintiff and members of the proposed class (the "Class") are private individuals who have no relationship with the Defendant Seamless Contacts Inc. ("Defendant" or "Seamless"), nor with the website that Defendant owns and operates at www.seamless.ai. Plaintiff and the Class have never used seamless.ai, nor did they provide their names, contact information, job titles, places of work, cities of residence, or any other personal information to Seamless.

2. Plaintiff was seriously distressed to discover that Seamless is using his name, personal information, and persona to advertise paid subscriptions to seamless.ai.

3. Plaintiff and the Class did not consent to Seamless using their names, contact information, job titles, places of work, cities of residence, and other personal information to promote Seamless subscriptions. Nor did they consent to Seamless selling access to their personal information as part of its subscription products.

4. Seamless advertises subscriptions by publicly displaying profiles of the Plaintiff and Class Members showing their names, contact information, job titles, places of work, cities of residence, and other personal information. Many profiles include photographs.

5. Seamless advertises its subscription services primarily to salespeople and marketers. Seamless represents that its searchable database of Class Member profiles allows salespeople and marketers to "[c]onnect directly with your ideal customers." Subscribers can use Seamless to "[f]ind all your prospect's contact information – including emails, direct dials, and more." Seamless represents itself as an "unlimited lead-generating machine!"

6. Seamless advertises that its service allows users to "Know Everything About Your Prospects."

7. Seamless offers free trials to potential subscribers. Trial users may search for, view, and download a limited number of profiles. Each viewing of a Class Members' profile expends one "Credit." In response to searches for Plaintiff's and Class Members' names, Seamless displayed (1) the search results showing Plaintiff's and Class Members' personal information; (2) a counter displaying how many "Available Credits" remained in the free trial

allowance; and (3) an "Upgrade" button prompting the trial user to purchase a paid subscription to obtain more "Credits."

8. After trial users expend their allowance of "Credits" on Class Member profiles, trial users who attempt to view or download additional Plaintiff or Class Member profiles receive messages prompting them to purchase a paid subscription.

9. Seamless uses Plaintiff's and Class Members' profiles and personas to advertise three paid subscription plans. A "Basic" plan costs $147 per user, per month, and allows the subscriber to search, view, and download 250 Class Member profiles per month. A "Pro" plan costs $99 per day, per user, and allows the subscriber to search, view, and download 1,000 Class Member profiles per day. An "Enterprise" plan is a custom arrangement negotiated between the subscriber and Seamless.

10. Seamless advertises that paying subscribers receive a variety of services, including: "Real-Time Alerts" that will notify the subscriber when Class Members "change or leave their jobs"; the ability to "Find Millions of B2B Contacts" with "Real-Time Researched Contact Information"; streamlined integration with a variety of customer relationship management (CRM) tools; and "Data Enrichment" tools through which Seamless will provide additional personal information about the subscriber's existing list of sales prospects.

11. Seamless is the sole author, designer, and implementor of the advertising techniques and profiles giving rise to this lawsuit. Seamless does not host user-generated content on or in any part of the website relevant to this lawsuit. Seamless is the sole curator, designer, and creator of the content described in this Complaint, including: the profiles representing Plaintiff and Class Members; the "trial user" program through which potential subscribers receive a limited allowance of "Credits" to search for Plaintiff and Class Member profiles; the on-site buttons and messages soliciting paid subscriptions; and the services that allow paying subscribers to track Plaintiff's and Class Members' job changes.

12. Plaintiff does not know how Seamless obtained his name, contact information, job title, place of work, and city of residence.

13. Plaintiff's and Class Members' names, personal information, contact

information, photographs, likenesses, and personas have commercial value. This commercial value is demonstrated by the exploitation of Plaintiff's and Class Members' names, personal information, contact information, and photographs for commercial gain by Seamless and Seamless's competitors.

14. Seamless appropriated Plaintiff's and Class Members' names, personal information, and personas without permission or consent from Plaintiff or Class Members.

15. Consent is not all or nothing. Plaintiff and Class Members may have shared their names, personal information, contact information, and job histories with companies or the government in a variety of contexts. For example, Plaintiff or Class Members may have consented to the posting of their names, work histories, and photographs on the website of a company for which they work, or on a professional networking site.

16. But Plaintiff and Class Members did not consent to the commercial use of their personal information and personas to promote subscriptions to a website with which they have no relationship, and which they have no interest in promoting.

17. California law recognizes individuals' intellectual property and privacy rights in controlling the use of their names, photographs, likenesses, and personas for commercial purposes.

18. By using Plaintiff's and Class Members' names, likenesses, photographs, and personas in advertisements for website subscriptions without consent, Seamless has violated their intellectual property and privacy rights. Plaintiff and Class Members have the right not to have their personas exploited to promote a product with which they have no relationship and no interest in supporting.

19. Plaintiff and Class Members have an economic interest in their personas, which Seamless has stolen, and a privacy interest in their personas, which Seamless has violated.

20. By these actions, Seamless has violated the California Right of Publicity, codified in Cal. Civ. Code § 3344, California common law prohibiting misappropriation of a name or likeness, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

21. Plaintiff and Class Members have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through Seamless's unlawful profiting from its exploitation of their names, personas, and personal information; and through harm to peace of mind.

22. Plaintiff and Class Members are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their names and personas, restitution of the value of their names and personas, an injunction prohibiting Seamless's unlawful conduct, the award of attorneys' fees, expenses, and costs, and declaratory relief.

**JURISDICTION AND VENUE**

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative Class are citizens of a state different from at least one defendant. Defendant Seamless Contact Inc. is incorporated in Delaware and has its principal place of business in Worthington, Ohio. Plaintiff is a citizen and resident of California who seeks to represent a class of California residents. (B) The proposed Class consists of at least 100 members. Seamless advertises that is database includes profiles on millions of individuals, including employees of "over 157M companies." The Class likely comprises millions of California residents. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Cal. Civ. Code § 3344 provides for statutory damages "equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered," as well as "any profits from the unauthorized use." The statute also allows for punitive damages and the award of attorneys' fees and costs. Because Seamless uses the names and personal information of millions of Class Members to advertise its website, the amount in controversy is well over the jurisdictional limit.

24. This Court has specific personal jurisdiction over Seamless because a significant portion of the events giving rise to this lawsuit occurred in this state, including: Seamless's copying of Plaintiff's and Class Members' personal information from online sources; Seamless's display of Plaintiff's and Class Members' profiles in advertisements available to the public online; Seamless's failure to obtain required consent from Class Members who reside in

California; and Seamless's violation of the intellectual property rights of Class Members who reside in California.

25. Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district.

**PARTIES**

26. Plaintiff Doug Spindler is a citizen of California. Mr. Spindler resides in Orinda, California. Mr. Spindler has never used or subscribed to the website seamless.ai.

27. Defendant Seamless Contacts Inc. is a Delaware corporation with its headquarters in Worthington, Ohio. Defendant owns and operates the website www.seamless.ai.

**FACTUAL ALLEGATIONS**

28. Plaintiff Doug Spindler has no relationship with Seamless. He is not a subscriber and has never used seamless.ai.

29. Mr. Spindler did not give consent to Seamless to use his name, likeness, personal information, or persona in any way. Had Seamless requested his consent, Mr. Spindler would not have provided it.

30. Seamless uses Mr. Spindler's name and persona in advertisements promoting paid subscriptions.

31. Seamless publicly displays a profile of personal information about Mr. Spindler on the Internet. The profile accurately states his name, city of residence, phone number, email addresses, place of work, and job title. The profile uniquely identifies Mr. Spindler. A screenshot depicting the profile is shown below. For privacy, Plaintiff's counsel redacted Mr. Spindler's employer, email address, and phone number.



32. Seamless provides a publicly accessible "Search" page on which users may search, and have searched, for Mr. Spindler by name. Anyone who creates a free trial account on Seamless may access the "Search" page and search for Mr. Spindler without paying for a subscription. Below is the result of a search for "Doug Spindler" performed on the "Search" page using a free trial account. The third and fourth results uniquely identify Plaintiff Doug Spindler. For privacy, Plaintiff's counsel redacted the first, second, and fifth results, which correspond to individuals who share Mr. Spindler's first and last name. Plaintiff's counsel also redacted Plaintiff's place of work and contact information.



33. As shown in the screenshot above, in response to a search for Mr. Spindler's name, Seamless displayed (1) search results showing Mr. Spindler's personal information; (2) a counter displaying how many "Available Credits" remained in the free trial allowance (here, there are 185 credits remaining); and (3) an "Upgrade" button prompting the trial user to purchase a paid subscription to obtain more "Credits."

34. Users who expended their allowance of "Credits" and attempted to continue searching and viewing Mr. Spindler's and Class Members' profiles, or who clicked the "Upgrade" or "Upgrade Plan" buttons displayed adjacent to the search results, received a screen prompting them to purchase a paid subscription. The screen prompting subscription is shown below.



35. As shown above, Seamless used Mr. Spindler's name and persona to advertise three types of subscription plans. A "Basic" plan costs $147 per user, per month, and allows the subscriber to search, view, and download 250 Class Member profiles per month. A "Pro" plan costs $99 per day, per user, and allows the subscriber to search, view, and download 1,000 Class Member profiles per day. An "Enterprise" plan is a custom arrangement negotiated between the subscriber and Seamless.

36. Seamless advertised that users who purchased a paid subscription would receive a variety of services, including:

a. The ability to search, view, and download profiles about Mr. Spindler and millions of Class Members and other individuals;

b. The ability to set up "Real-Time Alerts" that will notify the subscriber when Mr. Spindler "change[s] or leave[s] [his] job";

c. Streamlined integration with a variety of customer relationship management (CRM) tools;

d. "Company Intel," which provides a searchable database on more than 100 million companies, including the ability to search and view contact information for individual employees of each company; and

e. "Data Enrichment" tools through which Seamless will provide additional personal information about the subscriber's existing list of sales prospects

37. Seamless's purpose in using Mr. Spindler's name, personal information, and persona on its website is to solicit the purchase of paid subscriptions.

38. Plaintiff does not know how Seamless obtained his name and personal information. On information and belief, Seamless extracted Spindler's name and personal information from online sources including his social media accounts and his employer's website.

39. Seamless did not obtain permission from Mr. Spindler or his employer prior to extracting his personal information and using Mr. Spindler's persona to advertise paid subscriptions. On information and belief, Seamless did not obtain permission from any of the

sources from which it extracted Mr. Spindler's personal information.

40. Mr. Spindler has intellectual property and privacy interests in his name, likeness, and persona recognized by California statutory and common law. He has the right to exclude anyone from making commercial use of his persona without his permission.

41. Seamless has injured Mr. Spindler by taking his intellectual property without compensation; by invading his privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of his personal information.

42. Seamless's illegal actions caused Mr. Spindler mental injury and disturbed his peace of mind. Mr. Spindler is deeply uncomfortable in the knowledge that Seamless is using his name and persona to advertise and as part of a commercial product he has no interest in supporting. Mr. Spindler believes his persona is rightly his to control. Seamless's illegal use has left him worried and uncertain about his inability to control how his name and persona is used. Mr. Spindler feels that Seamless's use of his name, persona, personal information, and browsing history is an alarming invasion of his privacy. Mr. Spindler believes that Seamless's collection and publication of personal details about him encourages and enables identity fraud. He believes Seamless's use of his personal information encourages and enables harassing marketing and sales communications.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) and seeks to represent the following Class defined as:

> All current and former California residents who are not subscribers of Seamless and whose names and personal information Seamless incorporated in profiles used to promote paid subscriptions.

44. Excluded from the proposed Class are Plaintiff's counsel; Seamless, its officers and directors, counsel, successors, and assigns; any entity in which Seamless has a controlling interest; and the judge to whom this case is assigned and the judge's immediate family.

45. The members of the proposed Class are so numerous that joinder of individual claims is impracticable. Seamless advertises that it has profiles on individuals who are

employees of over one hundred million companies. The Class likely comprises millions of people.

46. There are significant questions of fact and law common to the members of the Class. These include:

a. Whether Seamless's misappropriation of names and personal information, and use of that information in the advertising techniques described in this Complaint, constitutes the knowing use without consent of another's name, photograph, or likeness on or in products or for purposes of advertising products within the meaning of Cal. Civ. Code § 3344;

b. Whether Seamless solicited and obtained written consent from Plaintiff and the Class prior to using their personas in advertisements promoting its website, as required by Cal. Civ. Code § 3344;

c. Whether Seamless's use of Plaintiff's and Class Members' names and personal information in advertisements and as part of their subscription products falls within the exceptions for "use in connection with any news, public affairs, or sports broadcast or account, or any political campaign" within the meaning of Cal. Civ. Code § 3344;

d. The amount of Seamless's "profits from the unauthorized use" of Plaintiff's and Class Members' names and personal information;

e. Whether Seamless's conduct described in this Complaint violates California common law prohibiting misappropriation of a name or likeness;

f. Whether Plaintiff and Class Members are entitled to the injunctive, declaratory, monetary, punitive, and other relief requested in this Complaint.

47. Plaintiff's claims are typical of those of the proposed Class. Plaintiff and all members of the proposed Class have been harmed by Seamless's misappropriation and misuse of their identifies, names, likenesses, personas, and other personal information in advertisements promoting Seamless subscriptions. Seamless presents its advertisements in the same way for each Class Member.

48. Just as it did with Mr. Spindler, Seamless appropriated the personal information and personas of all Class Members without their permission or permission from the various sources from which it appropriated their information. Seamless's sole purpose in appropriating Class Members' information and personas was to solicit the purchase of paid subscriptions. Seamless has injured the Class Members by taking their intellectual property without compensation; by invading their privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of their personal information.

49. The proposed class representative will fairly and adequately represent the proposed Class. The class representative's claims are co-extensive with those of the rest of the Class. Plaintiff is represented by qualified counsel experienced in class action litigation of this nature.

50. A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed Class is impracticable. Many members of the Class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning Seamless's common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

51. The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Seamless has acted on grounds generally applicable to the proposed Class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

52. The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to Class Members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency

adjudicating the controversy.

**FIRST CAUSE OF ACTION**

**Violation of California Right of Publicity Statute, Cal. Civ. Code § 3344**

53. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

54. California's right of publicity statute prohibits the "knowing[] use[] of another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent." Cal. Civ. Code § 3344.

55. By engaging in the foregoing acts and omissions, Seamless used Plaintiff's and Class Members' names, likenesses, photographs, and personas for commercial purposes without consent. Plaintiff's and Class Members' names and personas have commercial value as demonstrated by Seamless's use and similar use by Seamless's competitors.

56. Each use of a Class Members' name and personal information in a profile is a separate and distinct violation of Cal. Civ. Code § 3344.

57. Cal. Civ. Code § 3344 provides that a person who violates the statute is liable "in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages," in addition to "any profits from the unauthorized use." The statute also provides for "[p]unitive damages" and "attorney's fees and costs."

58. As a result of Seamless's violation of Cal. Civ. Code § 3344, Plaintiff and the Class have suffered injury to their privacy rights and actual damages both economic and emotional. Plaintiff and Class Members have been denied the economic value of their names, likenesses, and personas, which Seamless misappropriated without compensation to Plaintiff and the Class. Plaintiff and the Class Members were denied their statutorily protected right to refuse consent and protect their privacy and the economic value of their names, likenesses, and personas. Plaintiff and the Class Members suffered emotional disturbance from the misappropriation and misuse of their names and personal information.

59. Plaintiff on behalf of the Class seeks: actual damages, including Seamless's

profits from its misuse; statutory damages; compensatory damages for the royalties Seamless failed to pay; punitive damages; nominal damages; the award of attorneys' fees and costs; the entry of an injunction prohibiting Seamless's illegal conduct; and declaratory relief.

**SECOND CAUSE OF ACTION**

**Tort of Appropriation of a Name or Likeness**

60. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

61. California common law recognizes the tort of "appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Eastwood v. Superior Court*, 149 Cal.App.3d 409, 416 (Cal. Ct. App. 1983).

62. By engaging in the forgoing acts and omissions, Seamless (1) used the identities of Plaintiff and the Class in advertisements for subscriptions and as part of its subscription products; (2) appropriated Plaintiff's and Class Members' names and likenesses to Seamless's commercial advantage; (3) failed to obtain Plaintiff's and Class Members' consent; and (4) injured Plaintiff's and Class Members' by causing harm both economic and emotional. *See Eastwood*, at 417.

63. Plaintiff on behalf of the Class seeks monetary recovery in the amount of the commercial advantage Seamless's derived from its misuse, compensatory damages for Seamless's failure to pay royalties owed, and the entry of an injunction prohibiting Seamless's tortious acts.

**THIRD CAUSE OF ACTION**

**California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.**

64. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

65. Seamless has and is engaged in unfair competition, as that term is defined in the California Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 et seq. ("UCL").

66. As described in this complaint, Seamless's misappropriation and use without consent of Plaintiff's and Class Members' names, photographs, likenesses, and personal

information is a violation of California's Right of Publicity statute, Cal. Civ. Code § 3344 and California common law prohibiting misappropriation of a name or likeness.

67. By engaging in the conduct described in this complaint and violating California law, Seamless engaged in and continues to engage in "unlawful" business acts and practices prohibited by the UCL.

68. By engaging in the conduct described in this complaint, including profiting from the sale and use in advertising of personal information it misappropriated without consent, Seamless engaged in and continues to engage in "unfair" business acts and practices prohibited by the UCL.

69. As a result of Seamless's actions, Plaintiff and Class Members have been injured. Plaintiff and Class Members lost the economic value of their names, personas, and likenesses, and are entitled to restitution, declaratory relief and an injunction. Plaintiff and Class Members were denied their rights to refuse consent and protect their privacy.

**PRAYER FOR RELIEF**

70. WHEREFORE Plaintiff, individually and on behalf of the Class, requests the following relief:

(a) For an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

(b) For a declaration that Seamless's acts and omissions constitute a knowing misappropriation of names, likeness, photographs, and other personal information, and infringe on privacy and intellectual property rights, in violation of California law;

(c) For nominal damages awarded in recognition of Seamless's violation of the statutorily protected property and privacy rights of Plaintiff and the Class;

(d) For preliminary and permanent injunctive relief enjoining and preventing Seamless from continuing to operate its website without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

(e) For restitution for Plaintiff and members the class for the value that Defendants derived from misappropriating their names, likenesses, photographs, and personas;

(f) For an award of damages, including without limitation damages for actual harm, profits earned by Seamless in using misappropriated names and identities to sell subscriptions, reasonable royalties for the infringement of Plaintiff and Class Members' intellectual property rights; and statutory damages;

(g) For an award of reasonable attorneys' fees and costs incurred by Plaintiff and the Class Members; and

(h) Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

Respectfully submitted,

Dated: February 7, 2022

By: *__/s/ Michael F. Ram__*
Michael F. Ram

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Sam Strauss (to be admitted *Pro Hac Vice*)
sam@turkestrauss.com
Raina Borrelli (to be admitted *Pro Hac Vice*)
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiff*
*and the Proposed Class*