Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

*Attorneys for Plaintiff and the Proposed Class*
*(Additional counsel listed on signature page)*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUG SPINDLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAMLESS CONTACTS INC.,<br><br>Defendant. | Case No. 4:22-cv-00787-KAW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** |

Defendant Seamless Contacts Inc. seeks judicial notice under Fed. R. Evid. 201 of eight exhibits it submitted in support of its Motion to Dismiss or Strike the Complaint, Or, in the Alternative, Stay the Litigation. *See* ECF No. 22. Plaintiff opposes this request for all eight exhibits because these documents are unrelated to Plaintiff's claims against Seamless, are not incorporated by reference into Plaintiff's Complaint, and are unsuitable for judicial notice. In any event, the inference Seamless draws from these documents is improper.

# ARGUMENT

Defendant asks the Court to take judicial notice of eight documents: (A) a LinkedIn page; (B) the "Contact Us" page from pacitpros.org; (C) a profile from the ITPro Today website; (D) a college course syllabus; (E) a message board post on the Tom's Hardware website; (F) a profile available on a Microsoft website; (G) a Twitter page; and (H) a pdf from https://www.nationalcyberwatch.org. ECF No. 22-1. While Plaintiff agrees that the <u>existence</u> of these publicly available websites, and the documents taken therefrom, is acceptable for the Court to judicially notice, Plaintiff disagrees that the <u>content</u> of those websites, including the documents, can be taken as truth and used for the purposes of deciding the merits of Defendant's Motion.

On a motion to dismiss, the Court's review is "limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). All factual allegations in the complaint must be "taken as true and construed in the light most favorable" to the plaintiff, and "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations." *Id*. (citation omitted). Courts can look beyond the pleadings when materials are capable of judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Ninth Circuit, however, has warned against "[t]he overuse and improper application of judicial notice" which "can lead to unintended and harmful results," including the premature dismissal of meritorious claims. *Martinez v. ZoomInfo Techs. Inc.*, No. C21-5725 MJP, 2022 WL 1078630, at *8 (W.D. Wash. Apr. 11, 2022) (quoting *Kohja*, 899 F.3d at 998).

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Kohja*, 899 F.3d at 998 (citing Fed. R. Evid. 201(b)). A "fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id*. (quoting Fed. R. Evid. 201(b)(1)–(2)). A "high degree of indisputability" is generally required to justify judicial notice. *Jespersen v. Harrah's Operating Co., Inc.*, 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc) (quoting Fed. R. Evid. 201 advisory committee's note). "Just because the document itself is

susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999; *Farrell v. Boeing Employees Credit Union*, 761 Fed.Appx. 682, 685 (9th Cir. 2019) (publicly accessible website may be judicially noticed to establish "the existence of the website in the public realm, but [not] to notice that the contents of the website are true."). "Federal courts are cautious of taking judicial notice of websites because the internet "contains an unlimited supply of information with varying degrees of reliability, permanence and accessibility." *Strojnik v. Azul Hospitality Grp.*, No. 219CV01877TLNACPS, 2019 WL 6467494, at *2 (E.D. Cal. Dec. 2, 2019), reconsideration denied, No. 219CV01877TLNACPS, 2019 WL 6918264 (E.D. Cal. Dec. 19, 2019) (quoting *Pickett v. Sheridan Health Care Center*, 664 F.3d 648 (7th Cir. 2011)). Taking judicial notice in and of itself is not an issue but taking judicial notice of the truth of disputed facts (or the truth of inferences that flow from disputed facts) is improper. *Lee,* 250 F.3d at 688.

  First, none of Defendant's Exhibits can be accepted as "not subject to reasonable dispute" under Fed. R. Evid. 201. Defendant cites only two cases in support of its motion, *Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St. LLC*, 2015 WL 4932640, at *4 (N.D. Cal. Aug. 18, 2015) and *Erickson v. Neb.Mach. Co.*, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015), both of which are inapplicable here. The court in *Farina* took notice of government websites, the Secretary of State websites of California and Delaware, which have been found to "not be subject to reasonable dispute." *See In re Amgen Inc. Sec. Litig.*, 544 F.Supp.2d 1009, 1023–24 (C.D. Cal. 2008). None of Defendant's exhibits are published by the government. *See Martinez*, 2022 WL 1078630, at *8 ("the reasoning allowing for judicial notice of government websites does not apply to commercial websites"). *Erickson* concerns sua sponte notice of webpages available on the Wayback Machine to show when and where alleged infringement took place—this is not the fact pattern here. Seamless asks the Court to do what it simply cannot—"judicially notice the content on the websites." Compare ECF No. 23, at *5, with *Martinez*, 2022 WL 1078630, at *8 ("The Ninth Circuit has endorsed the view that a court can "take judicial notice of the existence of the website in the public realm, but [it has] decline[s] [*sic*] to notice that the contents of the website

are true.") (quoting *Farrell*, 761 F. App'x at 684 n.1).

Second, the inference Defendant draws from the availability of Plaintiff's information on these websites is improper and misunderstands both the purpose of judicial notice and the right of publicity by arguing that this availability destroys his claim. *See* ECF No. 25, section A.3; *Zacchini v. Scripps-Howard Broadcasting Co.*, 433 U.S. 562, 573 (1977) ("in right of publicity cases the only question is who gets to do the publishing."). Plaintiff does not claim his injury stems from the *dissemination* of his information, which he may have posted on the internet. What Plaintiff does argue, however, is that Seamless's taking of this publicly-available information and using it to earn a profit without Plaintiff's consent has injured him. *See Timed Out, LLC v. Youabian, Inc.*, 229 Cal.App.4th 1001, 1006 (Cal. Ct. App. 2014) (the right of publicity is the "right to prevent others from misappropriating the economic value" of one's name or identity.). Seamless (improperly) seeks judicial notice of both the existence of the exhibits and the accuracy of their contents to argue that Plaintiff consented to Seamless's use of his information by him simply displaying it in the public realm. This assertion by Seamless goes too far at this stage and should not be allowed. *See, e.g., Langer v. Interval Int'l, Inc.*, No. 21-CV-1150 YGR, 2021 WL 5494192, at *2 (N.D. Cal. July 2, 2021) ("Even where documents are incorporated by reference or properly subject to judicial notice, the Court cannot consider them for the truth of the assertions therein, particularly in the context of a pleading motion." (citing *Lee*, 250 F.3d at 690).

## CONCLUSION

For the foregoing reasons, Plaintiff asks that Defendant's motion for judicial notice be denied with respect to Ex. A, Ex. B, Ex. C, Ex. D, Ex. E, Ex. F, Ex. G, and Ex. H (ECF No. 22-1).

Dated: April 25, 2022                              Respectfully Submitted,

By: */s/ Raina C. Borrelli*
Raina Borrelli (*Pro Hac Vice*)
raina@turkestrauss.com
Sam Strauss (*Pro Hac Vice*)

sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (*Pro Hac Vice*)
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiff and the Proposed Class*

# CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 25th day of April, 2022.

                                        TURKE & STRAUSS LLP

                                        By:   */s/ Raina C. Borrelli*
                                                    Raina C. Borrelli *Admitted Pro Hac Vice*
                                                    Email: raina@turkestrauss.com
                                                    TURKE & STRAUSS LLP
                                                    613 Williamson St., Suite 201
                                                    Madison, WI 53703
                                                    Telephone: (608) 237-1775
                                                    Facsimile: (608) 509-4423