Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

Ann Marie Mortimer (SBN 169077)
amortimer@HuntonAK.com
HUNTON ANDREWS KURTH LLP
550 S Hope St #2000
Los Angeles, CA 90071
Telephone: (213) 532-2103
Facsimile: (213) 532-2020

[Additional Counsel Appears on Signature Page]

*Attorneys for Defendant Seamless Contacts, Inc.*

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| DOUG SPINDLER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SEAMLESS CONTACTS, INC.,<br><br>    Defendant. | Case No. 4:22-CV-00787-KAW<br><br>Mag. Judge Kandis A. Westmore<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Complaint Filed: Feb. 7, 2022 |

1

The parties to the above-entitled action jointly submit this INITIAL JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. <u>Jurisdiction & Service</u>

As reflected in the Complaint (ECF No. 1), Plaintiff alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")). *See* Compl., ¶ 23. The parties are not aware of any issues regarding personal jurisdiction or venue. Defendant was served on February 11, 2022.

2. <u>Facts</u>

**Plaintiff:** This case arises from Defendant's misappropriation of Plaintiff's and Class members' names, contact information, job titles, places of work, cities of residence, and other personal information to advertise paid subscriptions to their website, www.seamless.ai, without Plaintiff's and Class members' consent. Compl., ¶¶1-3. Seamless advertises subscriptions primarily to salespeople and marketers by publicly displaying profiles of the Plaintiff and Class Members showing their names, contact information, and other personal information to users on a free trial basis. *Id.* ¶¶4-7. Seamless gives trial users the ability to view and download a limited number of profiles and, after that limit is reached, trial users who attempts to view or download additional Plaintiff or Class Member profiles receive messages prompting them to purchase a paid subscription that provides a variety of advertised services, such as "Real-Time Alerts," "change or leave their jobs"; the ability to "Find Millions of B2B Contacts" with "Real-Time Researched Contact Information"; streamlined integration with a variety of customer relationship management (CRM) tools; and "Data Enrichment" tools through which Seamless will provide additional personal information about the subscriber's existing list of sales prospects. *Id.* ¶¶7-10. Defendant is the sole author, designer, and implementor of these advertising techniques and messages. *Id.* at ¶11. Plaintiff did not give his consent for Seamless to use his name and persona to advertise subscriptions to its website. *Id.* at ¶¶12-16. Additional facts supporting Plaintiff's causes of action are in the Complaint.

There are many common facts, including: whether Seamless knowingly uses the names, personal information, and personas of Plaintiff and the Class to advertise website subscriptions; whether Seamless displays or displayed the Plaintiff's name, personal information, and persona on its website; whether Seamless asked for, or received, consent from, or provided compensation to, Plaintiff and the Class for the use of their names, personal information, and personas; and whether and how Seamless has benefited from its use of Plaintiff's and the Class's names, personal information, and personas.

**Defendant:** Defendant denies that any names included in the Seamless directory are being used in violation of California's right of publicity statute or common law cause of action in a way that causes any concrete injury to Plaintiff or the putative class members, and further denies that such use otherwise violates Plaintiff's or the putative class members' publicity rights, or California's Unfair Competition Law ("UCL") in any manner. Defendant publishes the modern online equivalent of a phonebook directory. Its directory includes no plaintiff-specific enticement (e.g., a pop-up advertisement encouraging users to subscribe to learn more about the Plaintiff; any partial or redacted profiles where full access is conditioned upon payment; email solicitations including Plaintiff's name or likeness). In short, Defendant has done nothing to use Plaintiff's name or likeness as an advertisement or promotional "inducement" or "call to action" to sell its subscription services, and there is no plausibly pleaded endorsement by Plaintiff of Defendant's services.

Defendant further denies that the factual issues described above are common to all, or any subset of, putative class plaintiffs. Instead, individualized factual inquiries would be necessary to determine, among other things, Plaintiff's or any putative class member's consent for Seamless to publish their professional contact information; the nature of Seamless's use; the value of the individual's professional contact information to Seamless, if any; the nature and extent of any particularized injury suffered by any putative class member; the extent to which putative class plaintiffs are uniquely identifiable from a search for their names; and whether any putative class member is entitled to statutory damages.

3. <u>Legal Issues</u>

**Plaintiff:** Plaintiff brings claims under California's Right of Publicity Statute (Cal. Civ. Code §3344), California' tort of appropriation of a name or likeness, and California's Unfair Competition Law (Cal. Bus. & Prof. Code §17200 *et seq.*). Additionally, Plaintiff intends to move for class certification after conducting fact and expert discovery and is confident that the requirements of Fed. R. Civ. P. 23(b)(2) and (b)(3) will be met. Plaintiff opposes Defendant's <u>Motion to Dismiss, Strike, or Stay the Complaint (ECF No. 22) in its entirety for the reasons set forth in his brief, ECF No. 25.</u>

**Defendant:** Defendant incorporates the arguments set forth in its Motion to Dismiss, Strike, or Stay the Complaint (Dkt. No. 22) and the Reply in support of the same (Dkt. No. 27). In brief, Defendant contends that Plaintiff has failed to plead an actual injury sufficient to confer Article III standing or to satisfy certain elements of his claims; that Seamless's inclusion of Plaintiff's name in its directory or search results does not qualify as an "advertisement"; that, at most, such inclusion is "incidental," for which Seamless is not liable; that the Communications Decency Act immunizes Seamless's use; that the directory is a matter of public interest subject to California's anti-SLAPP statute; that Plaintiff is not entitled to statutory damages; and that his UCL claims fail for lack of standing, among other things.

As emphasized above, Defendant also contends that class certification will be inappropriate because individualized factual issues, including whether Plaintiff or any putative class member consented to the republication of their professional contact information; the nature of Seamless's use; the value of the individual's professional contact information to Seamless, if any; the nature and extent of any particularized injury suffered by any putative class member; and whether any putative class member is entitled to statutory damages.

4. <u>Motions</u>

Defendant moved to dismiss or strike Plaintiff's claims, arguing that Plaintiff does not have Article III standing, that the Federal Communications Decency Act bars Plaintiff's claims, that Plaintiff fails to state claims under California law, and that Plaintiff's claims should be

4

1    stricken pursuant to California's Anti-SLAAP statute. ECF No. 22. Defendant also asked that the
2    case be stayed pending the outcome of an anti-SLAAP appeal in *Sessa v. Ancestry.com*, Case No.
3    21-16618 (9th Cir. 2021). *Id.*
4          Plaintiff opposed Defendant's motion in its entirety, arguing that nearly every court that
5    has considered similar right of publicity cases over the last two years have rejected each of
6    Defendant's arguments and that there is no reason for a different result here. ECF No. 25; *see e.g.*
7    *Kellman v. Spokeo*, No. 21-cv-08976, 2022 WL 1157500 (N.D. Cal. April 19, 2022) (Orrick, J.);
8    *Martinez v. ZoomInfo*, No. 21-cv-5725, 2022 WL 1078630 (W.D. Wash. April 11, 2022);
9    *Callahan v. PeopleConnect*, No. 20-cv-09203, 2021 WL 5050079 (N.D. Cal. Nov. 1, 2021)
10   (Chen, J.) (Pechman, J.). Plaintiff also opposed Defendant's requested stay because, on April 14,
11   2022, the Ninth Circuit granted Ancestry.com's motion to voluntarily dismiss the *Sessa* appeal.
12   *Sessa*, 21-16618, Dkt. No. 31 (9th Cir. filed Apr. 14, 2022). ECF No. 25.
13         In reply, Defendant emphasized the factual distinctions between this case and those that
14   Plaintiff relies on, including that, unlike in those other "plaintiff-specific enticement cases,"
15   Defendant's directory includes no plaintiff-specific enticement (e.g., a pop-up advertisement encouraging
16   users to subscribe to learn more about the Plaintiff; any partial or redacted profiles where full access is
17   conditioned upon payment; email solicitations including Plaintiff's name or likeness). There is also no
18   salacious content being teased behind a paywall, like criminal histories and similar enticements. In short,
19   Defendant has done nothing to use Plaintiff's name or likeness as an advertisement or promotional
20   "inducement" or "call to action" to sell its subscription services, and there is no plausibly pleaded
21   endorsement by Plaintiff of Defendant's services.
22   5. <u>Amendment of Pleadings</u>
23         The parties reserve the right to make amendments to pleadings if and when appropriate,
24   and as permitted by court rules.
25
26   6. <u>Evidence Preservation</u>
27         The parties have reviewed the Guidelines Relating to the Discovery of Electronically
28

5

INITIAL JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties have taken reasonable steps to preserve discoverable information in its possession, custody, or control. The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence.

7. <u>Disclosures</u>

The parties intend to exchange their initial disclosures by June 28, 2022, in accordance with the Court's case schedule (ECF No. 5) requiring initial disclosures to be completed 7 days in advance of the Initial Case Management Conference, which is now scheduled for July 5, 2022.

8. <u>Discovery</u>

The parties agree that a protective order governing the use of confidential business information and other confidential material and a Rule 502(d) order to protect against the waiver of privilege are appropriate in this case. The parties intend to jointly submit to the Court for approval a protective order based on the Northern District of California's model order, modified as necessary to account for the particular confidentiality concerns in this case. The parties also intend to jointly submit to the Court for approval an order regarding the discovery of electronically stored information based on the Northern District of California's model order, modified as necessary to account for the particular discovery concerns in this case

At this time, the parties do not propose any limitations or modifications of the discovery rules.

**Plaintiff:** Plaintiff believes that discovery should proceed immediately, consistent with the Federal Rules. Plaintiff proposes, and Defendant agrees, that fact discovery should close on July 21, 2023.

Plaintiff anticipates seeking from Seamless and/or relevant third parties documents and information concerning: (1) Defendant's use of Plaintiff's and Class members' names, personal information, and personas to advertise its subscription products; (2) Defendant's subscription

6

models and advertising strategies; (3) The value of Plaintiff's and Class members' names, personal information, and personas in attracting and retaining subscribers; (4) Defendant's collection of Plaintiff's and Class members' names, personal information, and personas; (5) Any purported consent by Plaintiff and the Class to Defendant's use of their names, personal information, and personas; (6) Defendant's revenue from its use of Plaintiff's and Class members' names, personal information, and personas; (7) Any licensing agreements under which Seamless either earns or pays a fee to license Plaintiff's and Class members' names, personal information, and personas; (8) Defendant's insurance coverage for legal claims; (9) Internal or external communications expressing or addressing privacy and/or intellectual property concerns regarding Defendant's use of names, personal information, and personas; (10) The size of the Class and the names of Class members; (11) Any affirmative defenses Defendant intends to assert. Plaintiff reserves the right to seek additional categories of documents, testimony, and other information as the case develops.

**Defendant:** Defendant does not concede the relevance to Plaintiff's claims of any of the foregoing discovery requests. Further, Defendant contends that discovery will be necessary on at least the following additional topics: (1) any alleged particularized injury suffered by Plaintiff and any putative class member; (2) any individualized damages incurred; and (3) the availability of Plaintiff's and putative class members' professional contact information elsewhere on the Internet or other publicly available sources.

9. Class Actions

Plaintiff provides the following information as required by Civ. L.R. 16-9(b). As alleged in the Complaint, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2). *See* Compl., ¶43. Plaintiff contends that it is also maintainable as a class action under Fed. R. Civ. P. 23(b)(3). *Id*.

Plaintiff seeks to represent the following class:

> All current and former California residents who are not subscribers of Seamless and whose names and personal information Seamless incorporated in profiles used to promote paid subscriptions.

Plaintiff contends that the Complaint alleges facts showing Plaintiff is entitled to maintain this action under Fed. R. Civ. P. 23. *See* Compl., at ¶¶43-52.

Defendant disagrees that this action is maintainable as a class action.

The parties propose that the deadline for Plaintiff's class certification motion be August 25, 2023.

10. Parallel Litigation

Plaintiff's counsel in this matter have filed *Hoffower v. Seamless Contacts, Inc.*, Case No. 1:22-cv-2079 (N.D. Ill.) is a pending case against Defendant in the Northern District of Illinois on behalf of a putative class of Illinois residents alleging that Defendant violated Illinois's right of publicity statute. The parties have agreed to, and the court in *Hoffower* has ordered, dates for the close of discovery and Plaintiff's motion for class certification that align with the dates set out herein. For the sake of efficiency and to avoid undue burden to the parties and their counsel, these and other dates proposed in Section 17, *infra*, align with those in *Hoffower*. The parties further agree that, subject to the Federal Rules of Evidence, any deposition testimony taken in either case can be used as though taken in the underlying case, so long as the deponent is only deposed once, that questions to the witness in such depositions can and should address topics for both cases, and that depositions being taken for both cases can be up to 9 hours on the record.

11. Relief

**Plaintiff:** As described in the Complaint, Plaintiff, on behalf of the proposed Class, seeks the following relief: statutory damages in the amount of $750 per violation (under California law on behalf of the Class); Defendant's profits earned from its misuse of Plaintiff's and Class members' names and photographs; compensatory damages for mental anguish; disgorgement of Defendant's unjust benefits earned from its use of Plaintiff's and Class members' names, personal information, and personas; an injunction prohibiting Defendant's illegal actions; nominal damages; a declaration that defendant's actions are illegal; and an award of attorneys' fees and costs. *See* Compl., ¶¶53-70. Because discovery has not yet begun and only Seamless has the information needed to establish the size of the class, number of violations, and amount of profits

earned, Plaintiff is not yet able to estimate the total amount of damages sought.

**Defendant:** Defendant denies that Plaintiff or any putative class member is entitled to any of the relief requested because Defendant denies that its directory information violates California's statutory or common law right of publicity, or the UCL.

12. Settlement and ADR

The Parties are willing to discuss the possibility of a settlement conference before a Magistrate Judge not presiding over this action or a private mediator.

13. Consent to Magistrate Judge For All Purposes

The parties have consented to proceed before Mag. Judge Kandis A. Westmore.

14. Other References

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

The parties do not believe there are any issues that can be narrowed by agreement or by motion at this time and does not have any suggestions to expedite the presentation of evidence at trial. The parties reserve the right to bring motions, including summary judgment motions, at the appropriate time. Plaintiff is generally amenable to resolving issues by agreement on a going-forward basis, assuming the parties are able to reach agreement on the issue in question.

16. Expedited Trial Procedure

The parties do not believe this case is suitable for expedited trial.

17. Scheduling

The parties propose the following schedule:

| Event | Deadline |
|---|---|
| Initial Disclosures | June 28, 2022 |
| Completion of Fact Discovery | July 21, 2023 |
| Plaintiff's Motion for Class Certification | August 25, 2023 |

| Opening Merits Expert Reports | 30 days after an order on Plaintiff's motion for class certification |
|---|---|
| Rebuttal Merits Expert Reports | 60 days after an order on Plaintiff's motion for class certification |
| Completion of Merits Expert Discovery | 90 days after an order on Plaintiff's motion for class certification |
| Dispositive Motions, including *Daubert* motions | 120 days after an order on Plaintiff's motion for class certification |
| Trial Ready Date | 90 days after an order on any dispositive motions |

18. Trial

**Plaintiff:** Plaintiff has requested a jury trial for all claims except the UCL claim, which is properly tried by the Court. Plaintiff anticipates the trial lasting five days.

**Defendant**: Defendant agrees that the UCL claim seeking equitable relief is not triable by a jury, should any part of it survive dismissal. Defendant does not presently take issue with Plaintiff's estimate of a five-day trial.

19. Disclosure of Non-party Interested Entities or Persons

**Plaintiff:** Plaintiff certifies pursuant to Civil L.R. 3-15 that, to his knowledge, there are no persons or entities other than the Plaintiff and members of the proposed Class who have a financial or other kind of interest in this proceeding.

**Defendant:** Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant states that there is no publicly-held corporation that owns a 10% or more interest in Seamless Contacts, Inc. Due to the sensitive nature of certain private ownership and the competitive harm that Defendant could suffer if that information was made public, Defendant moved to seal its Civil Local Rule 3-15 filing (Dkt. No. 9), which motion the Court granted (Dkt. No. 14). In the interest of public access and to avoid the need to seal this filing, Defendant does not restate its disclosure here, but instead incorporates herein and refers the Court to its sealed disclosures previously filed (Dkt. No. 9-3).

20. Professional Conduct

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

DATED: June 27, 2022

By: */s/ Raina C. Borrelli*
Raina C. Borrelli (*pro hac vice*)
Email: raina@turkestrauss.com
Samuel J. Strauss (*pro hac vice*)
Email: sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

Michael F. Ram, SBN 104805
Email: mram@forthepeople.com
Marie N. Appel, SBN 187483
Email: mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (*pro hac vice*)
Email: ben@benosbornlaw.com
102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464

*Attorneys for Plaintiff and the Proposed Class*

By: */s/ Anne Marie Mortimer*
Ann Marie Mortimer, SBN 169077
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
Telephone: (213) 532-2000
amortimer@HuntonAK.com

Brian A. Wright (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8200
wrightb@HuntonAK.com

*Attorneys for Defendant Seamless Contacts, Inc.*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

Mag. Judge Kandis A. Westmore

**CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 27th day of June, 2022.

TURKE & STRAUSS LLP

By: */s/ Raina C. Borrelli*
　　Raina C. Borrelli
　　Email: raina@turkestrauss.com
　　TURKE & STRAUSS LLP
　　613 Williamson St., Suite 201
　　Madison, WI 53703
　　Telephone: (608) 237-1775
　　Facsimile: (608) 509-4423