**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

Attorneys for Defendant
SEAMLESS CONTACTS, INC.

**TURKE & STRAUSS LLP**
Raina C. Borrelli (pro hac vice)
raina@turkestrauss.com
Samuel J. Strauss (pro hac vice)
sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

Attorneys for Plaintiff and the Proposed Class

*[Additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DOUG SPINDLER, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEAMLESS CONTACTS INC.,<br><br>　　　　　Defendant. | CASE NO.:  4:22-CV-00787-KAW<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION** |

**HUNTON ANDREWS KURTH LLP**
Brian A. Wright (admitted *pro hac vice*)
wrightb@HuntonAK.com
951 East Byrd Street
Richmond, Virginia 2321
Telephone: (804) 788-8710
Facsimile: (804) 788-8218

Attorneys for Defendant
SEAMLESS CONTACTS, INC.

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
Michael F. Ram, (pro hac vice)
mram@forthepeople.com
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Attorneys for Plaintiff and the Proposed Class

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between January 1, 2018 and present will be preserved;

b) The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties will exchange a list of data sources that contain potentially relevant information but for which the party has determined are not reasonably accessible for search, review, or production because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B); and

      d)      The parties will meet and confer regarding data sources for which the parties cannot feasibly preserve content due to proportionality factors or because the sources are not reasonably accessible.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. The Parties agree that each Party is best situated to determine the most appropriate method or methods for that Party to search, collect, cull, and produce its own documents responsive to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in ☒ PDF, ☒TIFF, ☒native and/or ☐paper or a combination thereof (check all that apply)] file formats. The Producing Party will disclose its intended format to the Receiving Party prior to production and cooperate to arrange for the mutually acceptable production of such documents. The Parties recognize that in some instances where documents have been produced in a form other than native, subsequent production of the same documents in native form may be warranted upon a showing of reasonable necessity by the Requesting Party. The parties agree not to degrade the searchability of documents as part of the document production process.

Each Party is required to produce only a single copy of a responsive document and each Party may deduplicate responsive ESI across custodians by removing exact duplicates only. A party may also de-duplicate email threads and attachments (i.e., files associated with an email for retention and storage as a single message unit), provided the most inclusive non-privileged responsive email in a thread will be produced and such deduplication will not exclude any attachments from emails in the rest of the thread that would otherwise be produced.

The Parties shall undertake reasonable efforts to preserve parent-child relationships within a document family (e.g., the association between an attachment and its parent document, or a document and any embedded documents). The child-document(s) should be consecutively produced immediately after the parent-document.

If a Receiving Party identifies a hyperlinked file that it reasonably believes to be responsive (by identifying the Bates number of the document within which the hyperlink is embedded) and seeks its identification or production, that Producing Party shall undertake reasonable efforts to locate the hyperlinked file and either identify by Bates number the hyperlinked document if already produced or collect the document if it still exists on the Producing Party's systems and produce it, if responsive, non-privileged, and to the extent not unduly burdensome (either individually or cumulatively).

### 7. DOCUMENTS PROTECTED FROM DISCOVERY

A Party may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; and (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (e.g., protected personal information). The handling of material protected from disclosure is governed by the Stipulated Protective Order and Federal Rule of Evidence 502(d). Each redaction on a document shall be endorsed with the word "redacted" or "redaction," along with the basis for such redaction on the face of the document (e.g., "Redacted – Attorney Client Privilege"). Certain documents may be difficult to redact, such as voluminous Excel spreadsheets. Should redactions to a document result in the document becoming difficult for the Receiving Party to review, the Receiving Party may inform the Producing Party and the Parties will meet and confer to discuss a reasonable format for production of such documents.

In an effort to reduce burden and costs, the Parties agree that the following documents need not be included on a privilege log: (1) Communications between the Parties and counsel (including internal communications within a law firm or a legal department of a corporation) on and after February 7, 2022; (2) Work product created by or for trial counsel in this matter after February 7, 2022; (3) Documents redacted for privilege, provided that the following fields on redacted emails remain unredacted: from, to, cc, bcc, date, subject.

### 8. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: August 30, 2022                                    **HUNTON ANDREWS KURTH LLP**

By:   /s/ Ann Marie Mortimer
Ann Marie Mortimer
Brian A. Wright
Attorneys for Defendant
Seamless Contacts, Inc.

Dated: August 30, 2022                                    **TURKE & STRAUSS LLP**

By:   /s/ Raina C. Borrelli
Raina C. Borrelli
Samuel J. Strauss
Attorneys for Plaintiffs
and the Proposed Class

IT IS ORDERED that the foregoing Agreement is approved.

Dated:

Kandis A. Westmore
United States Magistrate Judge

**ATTESTATION**

I, Ann Marie Mortimer, am the ECF user whose ID and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

Dated: August 30, 2022                                       /s/ Ann Marie Mortimer
                                                                              Ann Marie Mortimer