Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

*Attorneys for Plaintiff and the Proposed Class*
*(Additional counsel listed on signature page)*

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUG SPINDLER, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>SEAMLESS CONTACTS INC.,<br><br>  Defendant. | Case No. 4:22-cv-00787-KAW<br><br>**PLAINTIFF'S MOTION FOR CLARIFICATION** |

On October 24, 2022, the Court denied Defendant Seamless Contacts, Inc.'s motion to strike Plaintiff's claims under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, finding that Seamless's website advertisements are "commercial speech, which necessarily makes it a matter of private interest rather than public interest." Doc. No. 41 at 11-12. The Court went on to hold that "Defendant cannot make a threshold showing that the challenged cause of action arises from protected activity, and the motion to strike must be denied." *Id.* at 12. Plaintiff reads this as a finding that Seamless's anti-SLAPP motion does not implicate conduct regulated by California's anti-SLAPP statute, thus exempting Defendant's motion from the statute and making immediate interlocutory appeal unavailable. *See* Cal. Civ. P. Code § 425.17(c). Seamless apparently disagrees because, on November 11, 2022, it filed a notice of interlocutory appeal. Doc. No. 42. Plaintiff now makes this motion for clarification asking the Court to clarify whether it held that the commercial speech exception to the California anti-SLAPP protections under Cal. Civ. P. Code § 425.17(c) applies here such that interlocutory review of the Court's October 24 Order and any stay of this case is improper.

"A court may clarify its order for any reason." *Padgett v. Loventhal*, No. 5:04-CV-03946-EJD, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015) (citation omitted). A motion for clarification is appropriate where an order "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985). Here, clarification is warranted because the parties disagree on the legal effect of the plain language of the Court's October 24 Order, which impacts whether interlocutory appeal is proper.

Recognizing "that there has been a disturbing abuse" of the anti-SLAPP law undermining the very rights "of speech and petition" the anti-SLAPP law was meant to protect, California's legislature recognizes two exceptions to the law. Applicable here, anti-SLAPP protection does not apply to commercial speech. Cal. Civ. P. Code § 425.17(c) excludes speech by defendants who are "in the business of selling . . . goods or services" that is "made for the purpose of . . . promoting . . . goods or services" and for which the intended audience is "an actual or potential buyer or customer." Plaintiff seeks clarification as to whether the Court found that Seamless's

speech at issue falls within that exception. *See Simpson Strong-Tie Co., Inc. v. Gore*, 49 Cal.4th 12, 30 (Cal. 2010) (describing four factors to use in determining whether commercial speech is exempt under § 425.17(c)- (1) whether the defendant is "engaged in the business of selling" goods or services, (2) the cause of action "arises from a statement or conduct" of the defendant "consisting of representations of fact about "the defendant's goods or services, (3) the "statement or conduct was made" in order to promote goods or services, and (4) the intended audience is a potential customer). For example, in *JAMS, Inc. v. Superior Court of San Diego Cnty.,* the defendant ADR service published biographical facts about a retired judge's professional history on its website, just as Seamless publishes Plaintiff's personal information. 1 Cal.App.5th 984, 993-98 (Cal. Ct. App. 2016). The court found that the website's statements "about [her] background and experience" were "commercial speech" exempt from the anti-SLAPP statute because they were "placed on the JAMS Web site to be viewed by actual or potential ADR buyers or customers" and encourage them to buy the defendant's services. *Id*. at 998. *See also Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, 814 F. Supp. 2d 1033, 1038 (S.D. Cal. 2011) (press release providing contact information to "learn more and get more information" about defendant's products satisfied the *Simpson* factors).

In Plaintiff's opposition to Defendant's anti-SLAPP motion, Plaintiff argued that the commercial speech exception applies and asked the Court to address the exception in its ruling so it would be clear whether the Court's order would be subject to interlocutory appeal. Doc. 25 at 31-32. In Plaintiff's view, the Court did just that, finding that the speech at issue "is commercial speech, which necessarily makes it a matter of private interest rather than public interest," Doc. No. 41 at 11, and thus determining that it is exempt from the anti-SLAPP statute. The Court underscored this by concluding, "Defendant cannot make a threshold showing that the challenged cause of action arises from protected activity." *Id.* at 12. Plaintiff views this ruling as a determination that the Cal. Civ. Proc. Code § 425.17(c) exemption applies, meaning there is no jurisdiction for an interlocutory appeal. *See* Cal. Civ. Proc. Code § 425.17 ("If any trial court denies a special motion to strike on the grounds that the action or cause of action is exempt

pursuant to this section, the appeal provisions in subdivision (i) of Section 425.16 and paragraph (13) of subdivision (a) of Section 904.1 do not apply to that action or cause of action."); *Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 767 (9th Cir. 2017) (finding the automatic appeal provision for anti-SLAPP motions is inapplicable where one of the § 425.17 exceptions applies).[1]

However, Seamless filed an anti-SLAPP interlocutory appeal on November 11, 2022, and asked Plaintiff to agree to a stay pending its appeal of this Court's denial of its anti-SLAPP motion. Doc. 42; Borrelli Decl., ¶3. Plaintiff informed Seamless that he believes the Court's October 24 Order forecloses such an appeal by finding that the speech at issue is exempt from California's anti-SLAPP statute, that he intends to move for clarification if necessary, and that he opposes a stay because the appeal is not proper. Borrelli Decl., ¶4. In response, Seamless said that it intends to pursue both its appeal and a motion to stay. *Id.*, ¶5. If Seamless files a motion to stay, it would be the second time it has attempted to stay this litigation pending resolution of the anti-SLAPP issue. Doc. 41 at 12-13 (denying Seamless's motion to stay based on the pending anti-SLAPP appeal in a related case, *Martinez v. ZoomInfo Technologies, Inc.*, Case No. 22-35305 (9th Cir. 2022)). Because the parties disagree about the meaning of the Court's October 24 Order, Plaintiff respectfully requests clarification. *See, e.g. Harmston v. City & Cnty. of San Francisco*, No. C07-01186SI, 2008 WL 269465, at *2 (N.D. Cal. Jan. 29, 2008) (granting motion for clarification to identify whether sanctions were imposed jointly and severally, and so clarifying); *Hewlett-Packard Co. v. ACE Prop. & Cas. Ins. Co.*, No. C 07-04676 JW, 2009 WL 10694998, at *2 (N.D. Cal. Jan. 30, 2009), *aff'd*, 378 F. App'x 658 (9th Cir. 2010) (granting motion for clarification as to whether equitable tolling and equitable estoppel claims could be alleged).

Plaintiff respectfully requests that the Court issue an order clarifying its October 24, 2022, Order to make clear that the commercial speech exception of section 425.17 applies and thus Seamless does not have a right to interlocutory appeal or to a stay.

---

[1] Plaintiff is happy to provide more fulsome briefing on the issue of the applicability of the section 425.17(c) exception should the Court wish.

Dated: November 15, 2022        Respectfully Submitted,

By: /s/ Raina C. Borrelli
Raina C. Borrelli (*pro hac vice*)
raina@turkestrauss.com
Samuel J. Strauss (*pro hac vice*)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (*Pro Hac Vice*)
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiff and the Proposed Class*

Case No. 4:22-CV-00787-KAW

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 15th day of November, 2022.

TURKE & STRAUSS LLP

By:  */s/ Raina C. Borrelli*
Raina C. Borrelli (*pro hac vice*)
Email: raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423