UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG SPINDLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEAMLESS CONTACTS, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-00787-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE PENDING APPEAL; DENYING PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>Re: Dkt. Nos. 44, 45 |

On February 7, 2022, Plaintiff Doug Spindler filed the instant putative class action against Defendant Seamless Contacts Inc., alleging that Defendant uses the class's personal information to advertise paid subscriptions to seamless.ai. (Compl. ¶¶ 1-5.) On October 24, 2022, the Court denied Defendant's motion to dismiss and motion to strike under California's anti-SLAPP statute. (Dismissal Order, Dkt. No. 41.) On November 11, 2022, Defendant filed a notice of appeal. (Dkt. No. 42.) Now pending before the Court are: (1) Defendant's motion to stay the case pending the appeal, and (2) Plaintiff's motion for clarification of the Court's October 24, 2022 order. (Def.'s Mot. to Stay, Dkt. No. 44; Pl.'s Mot. for Clarification, Dkt. No. 45.)

The Court previously deemed these matters suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 58.) Having considered the parties' filings and the relevant legal authorities, the Court GRANTS Defendant's motion to stay and DENIES Plaintiff's motion for clarification.

In brief, the parties' dispute essentially concerns whether the Court denied Defendant's anti-SLAPP motion to strike based on California Civil Procedure Code § 425.16 or § 425.17(c). Section 425.16 is the general anti-SLAPP statute, which requires that a defendant make a prima facie showing that the plaintiff's claim "arises from an act by the defendant in

furtherance of the defendant's right of petition or free speech in connection with a public issue." *Xu v. Huang*, 73 Cal. App. 5th 802, 811 (2021). A party can immediately appeal a denial of a motion to strike pursuant to the anti-SLAPP statute. *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013) (holding that "the denial of a motion to strike made pursuant to California's anti-SLAPP statute remains among the class of orders for which an immediate appeal is available"). Section 425.17(c), in turn, is an exemption to the anti-SLAPP statute, which "expressly carve[s] out a subset of commercial speech that is *entirely* exempt from anti-SLAPP protection under section 425.16 – notwithstanding that the conduct or statement concerns an important public issue." *Xu*, 73 Cal. App. 5th at 813 (internal quote omitted). If § 425.17(c)'s exemption to the anti-SLAPP statute applies, then Defendant does not have a right to an interlocutory appeal.

In denying Defendant's motion to strike under the anti-SLAPP statute, the Court concluded "the speech is commercial speech, which necessarily makes it a matter of private interest rather than public interest." (Dismissal Order at 11.) The Court did not cite 425.17(c); rather, the public interest finding is relevant to § 425.16. Moreover, the Court relied on *Martinez v. ZoomInfo Techs. Inc.*, which likewise did not address § 425.17(c) but focused solely on § 425.16's requirement of a threshold showing that the challenged cause of action arises from protected activity. (*Id.* (citing *Martinez v. ZoomInfo Techs. Inc.*, No. C21-5725 MJP, 2022 U.S. Dist. LEXIS 66673, at *18-19 (W.D. Wash. Apr. 11, 2022)).)

Plaintiff moves for clarification, asking that the Court clarify that § 425.17(c) applies, rather than § 425.16. (Pl.'s Mot. for Clarification at 1.) Plaintiff's request, however, goes beyond a mere clarification. To conclude that § 425.17(c) applies, the Court would need to find:

> (1) the cause of action is against a person primarily engaged in the business of selling or leasing goods or services; (2) the cause of action arises from a statement or conduct by that person consisting of representations of fact about that person's or a business competitor's business operations, goods, or services; (3) the statement or conduct was made either for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services or in the course of delivering the person's goods or services; and (4) the intended audience for the statement or conduct meets the definition set forth in section 425.17(c)(2).

2

*Simpson Strong-Tie Co., Inc. v. Gore*, 49 Cal. 4th 12, 30 (2010).  The Court did not make any of these findings.  While Plaintiff argues that the Court could have made those findings based on various statements in the order, the Court finds this would require additional analysis and a new basis for its denial of Defendant's motion to strike.  Such a ruling would not be proper, particularly as there has been a notice of appeal.  *See Pro Sales, Inc. v. Texaco, U.S.A.*, 792 F.2d 1394, 1396 n.1 (9th Cir. 1986) ("We note that the district court purported to amend its opinion *after* Pro Sales had filed its notice of appeal from the order of dismissal.  Because the filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed, the district court here had no power to amend its opinion at the time it attempted to do so."); *In re Halvorson*, No. SACV 18-00528 JVS, 2019 U.S. Dist. LEXIS 233838, at *5 (C.D. Cal. Mar. 26, 2019) ("Courts are without jurisdiction to amend opinions that have been appealed.").

Accordingly, the Court DENIES Plaintiff's motion for clarification, and GRANTS Defendant's motion to stay.  The case shall be stayed pending resolution of the appeal.

IT IS SO ORDERED.

Dated: February 15, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge